R. P. BAILEY, Appellant, v. GUARANTY LIQUIDATING
CORPORATION (a Corporation) et al., Respondents.

Alvin W. Wendt for Appellant.

George W. Fenimore for Respondents.

ROTH, J., *pro tem.*—Appellant, a shareholder of respondent corporation, brought this action, predicated upon the provisions of section 345, Civil Code, for himself and in behalf of other shareholders, against respondent corporation and its officers seeking an injunction against defendants to restrain them from performing five different kinds of functions which respondent corporation and its officers contemplated performing. The complaint is in five counts, one count for each of the alleged unauthorized acts, as follows: Expenditure of moneys by respondents for (1) the purpose of erecting dwellings and business structures on vacant properties and the sale thereof; (2) to develop and operate mining claims and mines; (3) the distribution of certain of its assets

in kind, in return for preferred shares and/or cash; (4) the payment of a liquidating dividend without calling in the outstanding preferred shares by respondents for the purpose of stamping thereon the payment of such dividend; (5) the exchange by respondent corporation of its stocks for other stocks and the purchase of its outstanding preferred shares.

A general demurrer was sustained to appellant's amended complaint without leave to amend. Judgment was entered upon the order sustaining such demurrer without leave to amend, and from said judgment this appeal is taken.

An examination of the articles of incorporation of respondent corporation discloses that the purposes for which it was formed are: ''To acquire and liquidate certain specific assets, to-wit, claims against, interest in and/or assets comprising the receivership estate in that certain action in the United States District Court for the Southern District of California, Central Division, in Equity No. S–103–C, entitled, *'Fred J. Weiler, Complainant,* vs. *Guaranty Building and Loan Association of Los Angeles, a corporation, et al., Defendants'.''* The purposes of the corporation, however, were considerably amplified by other provisions in the articles following said purpose clause, said statement being: ''As a means of effecting such liquidation, and ancillary to such purpose, this corporation is formed for the following purposes:'' Whereupon follow in thirteen numbered paragraphs an enumeration of powers, which are as broad as those found in the, charters of most corporations organized to perform a variety of businesses. Paragraph two of the articles contains specific authority to construct and deal in dwelling houses, and other structures, properties and mines, and is direct authorization to respondent and its officers to do the very things which are complained of in counts one and two of appellant's complaint.

Generally speaking, a corporation has the right to exercise powers incidental to or implied from those which are specifically granted in its charter. (*Vandall* v. *South San Francisco Dock Co.,* 40 Cal. 83; 6A Cal. Jur., p. 1293; Fletcher Cyclopedia Corporations, vol. 6, p. 198; *Baldwin* v. *Miller & Lux,* 152 Cal. 454 [92 Pac. 1030].) In the Vandall case, *supra,* the corporation defendant was formed ''to buy, improve, lease, sell and otherwise dispose of real estate''. The corporation in that case agreed to pay $20,000 to a railroad

company in consideration for the building of a railway line in the vicinity of its property, said payment being made on the theory that the railroad would enhance the market value of its property. It was contended, however, that under the articles of incorporation, the defendant in the cited case had no power to expend the money of the company for such a purpose and that the assessment to raise the sum was void. Speaking with reference to this situation, the court in the Vandall case said at page 88: "It cannot be doubted, therefore, that a corporation in this State may not only exercise the powers specially enumerated in its certificate of incorporation, if they be such as are authorized by the law, but, also, such other powers 'as shall be necessary to the exercise of the powers so enumerated and given'. It results that in determining whether a given act is within the power of the corporation, we must consider, first, whether it falls within the powers expressly enumerated in the certificate; or, second, whether it is necessary to the exercise of one of the enumerated powers. . . .

" . . . in examining this question, we must necessarily consider the general purpose for which the corporation was formed; and must give such reasonable construction to the terms employed, as will tend to promote rather than to defeat or obstruct the ends for which the corporation was organized."

Appellant's theory in his first and second causes of action seems to be that the erection by respondent of dwellings and the operation of mines will entail the expenditure of funds which might be immediately distributed as dividends, and which will delay the liquidation of the corporation and the distribution of its assets to its shareholders. The method of liquidation considering the interests of all the shareholders is one entrusted to the discretion of the officers and directors of the respondent corporation. No abuse of such discretion is shown by the complaint.

Article seven of respondent's charter provides:

" . . . The board of directors may at any time and from time to time authorize the purchase of Preferred shares of this corporation at prices not exceeding the redemption price thereof and, without regard to the market price thereof, may at any time and from time to time authorize the pur-

chase thereof with assets of this corporation, in kind, at the redemption price of such shares.''

The foregoing provision is in accord with section 342 of the Civil Code, which provides in part as follows:

''A corporation may not purchase directly or indirectly any shares issued by it . . . except as follows:

'' (5) To redeem or purchase shares subject to redemption at prices not exceeding the redemption price thereof; . . . ''

Said section also provides: ''Shares may be acquired either out of stated capital or from any surplus under subdivisions (1) to (5) inclusive of this section. . . .

''A corporation shall not purchase or redeem shares of any class under this section in any case when there is reasonable ground for believing that the corporation is unable, or, by such purchase or redemption, will be rendered unable to satisfy its debts and liabilities when they fall due, except such debts and liabilities as have been otherwise adequately provided for. No redemption of shares shall be made if there be reasonable ground for believing that the net assets would be reduced thereby to an amount less than the lowest aggregate liquidation preferences of shares to remain outstanding having prior or equal claims to the assets.''

Appellant's theory with reference to his third and fifth causes of action is that while the corporation's assets may be sold for cash, they may not be sold or exchanged for its own preferred shares. There are no allegations that the proposed procedure of the corporation in selling its assets for cash or in exchange for preferred shares is in anywise tainted with fraud, or that the net assets will be so reduced as to make it impossible for the corporation to satisfy its creditors, or that there are any preferences to any shareholders or to anyone; nor are there any allegations which even remotely suggest injury to corporation's shareholders or anyone else. Since such procedure is authorized by corporation's charter and the law, we see no reason why the matter is not within the discretion of the board of directors of the corporation.

The fourth cause of action, with reference to the right of the board of directors to declare a liquidating dividend, is predicated not only upon the method of payment, but also on the allegations that the corporation has no earnings or net profits from which dividends may be paid, and that

any dividends paid out of the assets will result in the depletion of the corporation's assets. Article five of the corporation's charter provides in substance that the holders of preferred shares are entitled to receive out of any funds of the corporation at the time legally available for the declaration of dividends, dividends at the rate of six per cent of the par value thereof, payable at such time or times as the board of directors may from time to time determine, and that such dividends shall be payable before any dividends or other distributions shall be declared or paid on the common shares. There is no allegation in appellant's complaint or in the fourth cause of action thereof that any dividend will, or has been paid, in pursuance to such charter provision. The *liquidating dividend* referred to in the complaint is not the dividend referred to in such charter. That the corporation has authority to declare a liquidating dividend is settled by authority. (*Baldwin* v. *Miller & Lux,* 152 Cal. 454 [92 Pac. 1030]; sec. 346, Civ. Code.) Said code section provides in part:

"A corporation may declare dividends payable in cash or in property only as follows:

"A wasting asset corporation, that is a corporation . . . organized solely or substantially to liquidate specific assets may distribute . . . the net proceeds derived from such liquidation without making any deduction or allowance for the depletion of such assets incidental to the lapse of time, consumption, liquidation or exploitation; subject, however, to the adequate provision for meeting debts and liabilities and the liquidation preferences of outstanding shares and to notice to shareholders that no deduction or allowance has been made for such depletion."

With respect to this cause of action, the difficulty is the same as with reference to the third cause of action, to wit: there is no allegation that the proposed payment of said liquidating dividend is improper in that it will prejudice the rights of creditors, or that such payment constitutes a preference or that it is tainted with any fraud, or that anyone will be prejudiced thereby. Neither do we see any objection to the method of payment. It is alleged in the amended complaint that there are upwards of fifteen thousand shareholders. ██ It also appears that the corporation will issue dividend checks to the holders of the outstanding

preferred shares as of a certain date without requiring said shareholders to send in their certificates for the purpose of stamping thereon notice of the payment of the dividend together with the amount thereof. It does appear, however, that notice will be sent to all shareholders of record that a liquidating dividend will be paid and that notice of such payment will be stamped on all new certificates thereafter issued by the corporation. There is no allegation that respondent corporation has not, or does not intend to, give notice of payment of said liquidating dividend, as required by section 346 of the Civil Code. We see no objection to either the payment or the method of payment.

Count five attacks the right of the corporation to change its stock for other stocks after purchasing outstanding preferred shares. The authority of the corporation to proceed to exercise such power has been already pointed out in our discussion of the third cause of action. It is specifically given to the corporation by its charter and is authorized by section 342 of the Civil Code. There are no allegations that the corporation has acted, or intends to act, in any manner other than is authorized by its charter and implied by law.

The order sustaining the demurrer to the second amended complaint without leave to amend was proper, and the judgment entered thereon is affirmed.

Houser, P. J., and Doran, J., concurred.

[Civ. No. 10944. Second Appellate District, Division One.—September 3, 1936.]